IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| WALSH CONSTRUCTION CO, | ) | |
| | ) | Cause Number: 4:13CV2526 HEA |
| Plaintiff/Petitioner | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Claimants' Motion to Dismiss Limitation of Liability Complaint and to Dissolve Stay Order, [Doc. No. 12], Claimants' Motions to Increase Limitation Fund, [Doc. No. 13], and Claimants' Motion to Dissolve Stay and Injunction with Stipulations, [Doc. No. 15]. Plaintiff opposes the Motions. For the reasons set forth below, the Motions are denied, without prejudice.

**Facts and Background**

This matter was commenced on December 19, 2013, by the filing of a Complaint for Exoneration from or Limitation of Liability pursuant to the Limitation of Liability Act ("Limitation Act" or "Act"), 46 U.S.C. §§30501-30512, by Plaintiff Walsh Construction Company. Plaintiff owns the L.L. #27 barge, which was at the relevant time, barged on the Missouri River.

On June 10, 2013, a Walsh employee, Patrick Bray, was standing on the deck of the L.L. #27 barge underneath a hoisted barrel. Bray was killed when the barrel fell and struck him.

Plaintiff alleges that the incident and any resulting damage occurred either as a result of factors for which Plaintiff is not responsible or were caused by or were contributed to be caused by acts or omissions of which Plaintiff lacked any privity or knowledge.

Plaintiff claims, supported by affidavits, that the value of the barge involved in the incident is, $300,000.00. Plaintiff has provided security in this amount in the form of a letter of undertaking provided by Plaintiff's insurer.

On the same date, Plaintiff filed a Motion for Approval of Stipulation for Costs and Security for Value and Directing Issuance of Notice and Restraining Suits. An Amended Motion was filed on January 2, 2014. On January 8, 2014, the Court granted the motion, consistent with the dictates of the Limitation Act, enjoining the commencement or further prosecution of any action or proceeding against Plaintiff in connection with the incident. The Court, further, issued a notice of the injunction on that date, publication of which was undertaken by attorneys for Plaintiff.

On February 14, 2014,, Claimants Kayla and Kellie Bray, ("Claimants") filed a Motion to Dismiss Limitation of Liability Complaint, a Motion to Increase

the Limitation Fund and a Motion to Lift the Stay and Injunction Order. Claimants are the surviving children of the decedent.

## Discussion

"While 28 U.S.C. § 1333(1) does grant to the federal district courts exclusive jurisdiction over suits brought pursuant to the Limitation Act, *see Ex Parte Green*, 286 U.S. 437, 439-40 (1932), the same statute also 'sav[es] to suits in all cases all other remedies to which they are entitled.'" *Riverway Harbor Serv., St. Louis, Inc. v. Bridge & Crane Inspection, Inc.*, 263 F.3d 786, 791 (8th Cir. 2001) (quoting 28 U.S.C. § 1333(1)). Hence, "two jurisdictional possibilities" are presented: "shipowners desire exclusive federal jurisdiction to limit their liability and avoid encountering a jury trial, and claimants seek 'other remedies' such as jury trials in state court." *Id*. (citing cases).

"Normally, the federal court will resolve this conflict by recognizing an exception in which a claimant acknowledges, through certain stipulations, the shipowner's right to limit the amount of its liability in federal court while preserving the claimant's right to have a jury determine in state court whether the shipowner is liable." *Id*. (citing cases). "Upon the claimant's filing sufficient stipulations, the admiralty court should allow the claimant to proceed even when the claim exceeds the limitation fund." *MagnoliaMarine Transp. Co., Inc. v. Laplace Towing Corp.*, 964 F.2d 1571, 1575 (5th Cir. 1992) (citing cases); *see also*

*Langnes v. Green* 282 U.S. 531, 541 (1931) ("To retain the cause would be to preserve the right of the shipowner, but to destroy the right of the suitor in the state court to a commonlaw remedy; to remit the cause to the state court would be to preserve the rights of both parties. The mere statement of these diverse results is sufficient to demonstrate the justice of the latter course ….").

This Court has issued an injunction pursuant to Fed.R.Civ.P. Supp.Rule F(3),which provides:

> "Upon compliance by the owner with the requirements of subdivision (1) of this rule all claims and proceedings against the owner or the owner's property with respect to the matter in question shall cease. On application of the plaintiff the court shall enjoin the further prosecution of any action or proceeding against the plaintiff or the plaintiff's property with respect to any claim subject to limitation in the action."

The questions currently before the Court are whether to dismiss this action; whether to lift the injunction so Claimants may proceed with their claim in a forum of their choosing; and whether the limitation fund should be increased.

Claimants seek dismissal of this action based on certain citations issued to Plaintiff by OSHA following the incident. Claimants argue that the mere issuance of the citations establish that Plaintiff was negligent and therefore cannot limit its liability to the value of the vessel and its then cargo. The Court agrees with Plaintiff that the issuance of the citations does not automatically establish negligence. Indeed, Plaintiff is contesting the propriety of the issuance of the citations in the appropriate arena. As such, it is premature for the Court to address

the significance and impact of the citations. The motion to dismiss will be denied, without prejudice.

The motion to lift the stay and injunction concerns the ability of Claimants—the decedent's survivors—to sue Plaintiff in the forum of their choosing for injuries arising out of the decedent's death. As noted above, federal courts have exclusive jurisdiction over admiralty and maritime claims, but this jurisdictional statute "sav[es] to suitors in all cases all other remedies to which they are otherwise entitled." 28U.S.C. § 1333(1).

"The [Limitation] Act allows a vessel owner to limit liability for damage or injury, occasioned without the owner's privity or knowledge, to the value of the vessel or the owner's interest in the vessel." *Lewis v. Lewis &Clark Marine, Inc.*, 531 U.S. 443, 121 S.Ct. 993, 148 L.Ed.2d 931 (2001). The Act was passed by Congress in 1851 in order "to encourage ship-building and to induce capitalists to invest money in this branch of industry." *Id*. (quoting *Norwich &N.Y. Transp. Co. v.Wright*, 13Wall. 104, 121, 20 L.Ed. 585 (1871)).

The Limitation Act coexists with the savings to suitors clause in apparent conflict. "One statute gives suitors the right to a choice of remedies, and the other statute gives vessel owners the right to seek limitation of liability in federal court." *Id*. At the core of this conflict is the fact that "[t]here is no right to a jury in actions instituted in admiralty, and the claimants are enjoined from pursuing common law

actions in other forums." *In re Dammers &Vanderheide &Scheepvaart Maats Christina B.V.*, 836 F.3d 750, 755 (2d Cir. 1988). The conflict derives from the Seventh Amendment, which applies only to cases brought at common law, not to those brought in admiralty. *See Waring v. Clarke*, 46 U.S. (5 How.) 441, 458-60, 12 L.Ed. 226 (1847).

Seeking to resolve this tension and conflict, federal courts have recognized that, in two kinds of limitation cases, claimants are permitted to pursue their remedies in a forum of their choosing. *See Universal Towing v. Barrale*, 595 F.2d 414, 418 (8th Cir. 1979). The first exception concerns cases where the limitation fund exceeds the total of all claims. *Id.* (citing cases). This exception is not at issue here. The second exception, which is at issue here, "exists if there is only one claim which exceeds the value of the fund." *Id.* (citing cases). The so-called "single claim exception" applies in circumstances involving, obviously, a single claimant, but it also applies in circumstances involving multiple claimants, who may try liability and damages issues in another forum by filing stipulations that protect the shipowner's right to have the federal court, sitting in admiralty, ultimately adjudicate its claim to limited liability. *See, e.g.*, *In re Ill. Marine Towing, Inc.*, 498 F.3d 645, 652 (7th Cir. 2007); *Beiswenger Enters. Corp. v. Carletta*, 86 F.3d 1032, 1037 (11th Cir. 1996); *Universal Towing*, 595 F.2d at 418-419.

Where one of these two exceptions applies, "it is an abuse of the court's discretion to fail to dissolve the injunction against other legal proceedings, and thus deprive a claimant of his choice of forum." *Valley Line Co. v. Ryan*, 771 F.2d 366, 373 (8th Cir. 1985).

Moreover, in order that the shipowner's right to limit its liability is preserved in accordance with the Act, a claimant must file certain stipulations with the district court before the injunction may be dissolved. Specifically, a claimant must: (1) concede that the district court has exclusive jurisdiction to determine all issues relating to the shipowner's right to limit its liability, including determination of the value of the limitation fund; and (2) waive any right to claims of res judicata based on a judgment from another forum. *See Magnolia Marine*, 964 F.2d at 1575 (citing cases); *Valley Line*, 771 F.2d at 373 & n.3 (8th Cir. 1985) (citing cases); *see also Riverway Harbor*, 263 F.3d at 792 ("As long as a claimant stipulates to exclusive federal jurisdiction for limitation of liability purposes, that claimant may also pursue any other claims dealing with exoneration from liability in state court pursuant to the savings to suitors clause.").

The question before the Court, then, is whether Claimants' stipulations are adequate to preserve "exclusive federal jurisdiction for limitation of liability purposes" (*Riverway Harbor*, 263 F.3d at 792), such that Claimants may proceed

in the forum of their choosing pursuant to the savings to suitors clause. For the reasons below, the Court finds that Claimants' stipulations are adequate.

Claimants have filed a series of stipulations in connection with their Motion to Dissolve Stay and Injunction, with Stipulations.

Plaintiff has lodged a series of objections to Claimants' stipulations, asserting for various reasons that they are insufficient. First, Plaintiff asserts that, because of the identity of the Claimants, this case is necessarily a multiple claimant action that does not fall within the single claim exception. As Claimants argue, the claim is a single claim for the wrongful death of the decedent. The Court agrees that the claim is the determining query, not the number of persons alleging entitlement to the proceeds of a judgment.

Second, Plaintiff argues that the second stipulation is insufficient because it states that Claimants will not seek in any state or federal court *in which a jury trial has been demanded* any judgment or ruling on the issue of Plaintiff's right to limitation of liability. Plaintiff contends this stipulation would allow Claimants to seek a bench trial in the United States District Court for the Southern District of Illinois. Plaintiff, however, fails to indicate how seeking a bench trial in the Southern District would have an adverse effect on the limitation action. The Limitation Act affords Plaintiff, not the claimants, the ability to limit its liability.

As such, the Court fails to comprehend Plaintiff's concern with Claimants' second stipulation.

With respect to Claimants' third stipulation, Plaintiff argues that the third stipulation states that claimants will not seek to enforce that portion of any judgment that exceeds the amount of the limitation fund, but they define the amount as the amount to be determined by this Court. In either instance, Claimants are limited to whatever the Court determines the limitation fund is, therefore, Claimants could not recover anything over the limitation fund. Plaintiff's concern is illusory.

Plaintiff also contends that Claimants' stipulations are inadequate to protect the limitation fund from possible indemnity and/or contribution claims by as-yet-unnamed co-defendants. Plaintiff is worried that if Claimants seek to enforce a judgment against its co-defendants, the co-defendants could, in turn, seek indemnity or contribution from Plaintiff. Plaintiff's concerns are not within the purview of this Court's jurisdiction. The law in this Circuit and multiple others is clear that Claimants' stipulations need not take into account the possibility of presently-non-existent indemnification and/or contribution claims.

In this Circuit, "an indemnity claim does not by itself create a multiple-claim situation." *Universal Towing*, 595 F.2d at 419 (holding that a third party's indemnification claim and claimant's damage award against a barge owner

"constitute a single claim for purposes of the limitation proceeding"). "[T]he claim of an injured party and the indemnity claim of a third party are treated as a single claim [because] the indemnity claim is merely derivative of the one presented by the claimant." *Id.* (citations omitted). "[T]here is ultimately only one enforceable damage award against the owner." *Id.*; *see also HelenaMarine Serv., Inc. v. Sioux City &NewOrleans Barge Lines, Inc.*, 564 F.2d 15, 19 & n.5 (8th Cir. 1977) ("The nature of an indemnity claim suggests that between them, [the claimant] and [a third party] could recover from[the shipowner] no more than the amount of a single judgment in favor of [the claimant]."). See *In re Massman,* Cause Number 4:12CV1665 JCH (E.D. Mo February 127, 2013). Claimants have stipulated:

> In order to afford sufficient protection from excess liability arising out of third party claims where indemnification or contribution is or may be sought by other defendants pending the resolution of all claims in the limitation proceeding, in the event there is *a judgment or recovery by claimant in any state court action or proceeding of any type* in excess of the value of the Limitation Fund determined in accordance with 46 U.S.C.A. § 30511 and Supplemental Admiralty and Maritime Claims Rule F, 28 U.S.C.A. [*sic*], in no event will Claimant seek to enforce such excess judgment or recover against Walsh Construction, insofar as such enforcement may expose Walsh

Construction's liability in excess of the adjudicated total Limitation Fund value, until such time as there has been an adjudication of limitation by this Court, which has exclusive jurisdiction and

authority to determine all issues relevant to Walsh Construction's claim for limitation of liability.

Claimants' language "*a* judgment or recovery by claimant in *any* state court action or proceeding of *any* type" (emphasis added) is arguably broader than, but at minimum substantively equivalent to, the operative language in *In re Dammers & Vanderheide &Scheepvaart Maats Christina B.V. 836 F.3d 750*, "*any* state court *actions*"—a revision by the claimants in *Dammers* based on concerns expressed by the appellate panel at oral argument regarding earlier language "*the* State Court action." *Dammers*, 836 F.2d at 759.

In the instant dispute, consistent with the *Dammers* court's interpretation of the stipulation before it, Claimants are stipulating that Walsh will not be exposed to liability in excess of the limitation fund via *any* judgment, whether against Walsh or potential co-defendants. *See id*. Claimants' stipulation, here, is sufficient and, in this Circuit, more than is required.

Further, it is evident to the Court, under the law governing this case, and as observed by the district court in *Dammers*, that Walsh is entitled to seek, and the Court would be obligated to grant, a stay of any indemnity or contribution claims

by third parties in a separate proceeding in any forum, unless those third parties executed appropriate stipulations preserving Walsh's right to limitation. *See In re Dammers & Vanderheide & Scheepvaart Maats Christina B.V.*, 660 F. Supp. 153, 159 (S.D.N.Y. 1987), *aff'd*, 836 F.3d 750 (2d Cir. 1988). No third party may directly or indirectly utilize the benefits of issue preclusion to undermine Walsh's right to limitation. *See id.* at 159 & n.8. And, per standard practice in a case such as this, the Court will retain jurisdiction and continue to stay the entry of judgment and consequent enforcement of any recovery achieved, before any forum, pending the outcome of this limitation proceeding, in order to preserve Walsh's right to limitation.

Moreover, "[a]s long as a claimant stipulates to exclusive federal *jurisdiction* for limitation of liability purposes, that claimant may also pursue any other claims dealing with exoneration from liability in state court pursuant to the savings to suitors clause." *Riverway*, 263 F.3d at 792 (citing *Lewis*, 531 U.S. at 455, 121 S.Ct. 993) (emphasis added).

In other words, so long as Claimants stipulate to the Court's jurisdiction over the limitation fund, as they do, they need not stipulate, further, to the amount of the limitation fund. *See, e.g.*, *Norfolk Dredging Co. v. Wiley*, 439 F.3d 205, 210 (4th Cir. 2006) ("Stipulating that the fund, *whatever its amount*, is the limit of Norfolk Dredging's liability insulates Norfolk Dredging from overpaying just as would a

stipulation to its precise amount. We cannot see how saving for another day the question of Norfolk Dredging's amount of liability prejudice[s] its general right to limit liability.") (emphasis added); *In re Two "R" Drilling Co., Inc.*, 943 F.2d 576, 578 (5th Cir. 1991) (where the value of the limitation fund is disputed, so long as "the parties have agreed that the amount of the limitation must be resolved in the federal court, and the federal court has retained jurisdiction in the event that issue has to be resolved" then "[t]he admiralty jurisdiction of the federal court and the rights of [the shipowner] are fully protected"); *Midland Enters., Inc. Hartley Marine Corp. v. Brasher*, 886 F.2d 812, 816-17 (6th Cir. 1989) (discussing cases) (declining to hold that claimant must stipulate to "the value placed on the ship and freight" by vessel owner); *id*. at 817 (noting that "the stipulations filed by the claimant which the [the Eight Circuit in] *Jefferson Barracks*… found to be adequate did *not* concede value" and that "[a]ll the claimant conceded [in *Jefferson Barracks*] was the district court's right to ultimately determine the proper value of the limitation fund")(emphasis in original).

      Claimants have filed a Motion to Increase Limitation Fund in which they argue that the limitation fund should be increased, pursuant to the "flotilla doctrine," to reflect the combined value of all vessels taking part in the operation that Claimants link to the decedent's passing. *See generally Sacramento Navigation Co. v. Salz*, 273 U.S. 326, 47 S.Ct. 368, 71 L.Ed. 663 (1927);

*Liverpool, Brazil, &River Plate Steam Navigation Co. v. Brooklyn E. Dist. Terminal*, 251 U.S. 48 (1919); *Standard Dredging Co. v. Kristiansen*, 67 F.2d 548, 551 (2d Cir. 1933) (cases establishing the "flotilla doctrine"). Because this issue may be rendered moot if Claimants' judgment in their chosen forum does not exceed the limitation fund as it now stands, the Court believes the issue should be set aside until such time as it becomes relevant. *See, e.g.*, *World Tanker Carriers Corp. v. M/V Ya Mawlaya*, 1996 WL 20874, at *3 (E.D. La. Jan. 18, 1996), *rev'd on other grounds*, 99 F.3d 717 (5th Cir. 1996) (citing Benedict on Admiralty, V.3, § 67 (1975); G. Gilmore & C. Black, Jr., The Law of Admiralty, § 10-34 (2d Ed. 1975)) ("The better procedure as to [an] increase in the limitation fund is to wait on the conclusion of the limitation action, and to increase the security if the owner is found entitled to limitation and the limitation fund is inadequate.").

In addition, the Court is concerned that, were it to entertain Claimants' motion at present, the absence of evidence developed thus far in the proceeding may result in an erroneous resolution of the matter. *See, e.g.*, *In re Marquette Transp. Co., LLC*, 2011 WL 1486119, at *3 (E.D. La. Apr. 18, 2011) (denying motion to increase limitation fund as premature where, *inter alia*, evidence was lacking to determine whether limitation fund would be sufficient to satisfy claims). Therefore, the Court denies Claimants' motion to increase the limitation fund, but will permit

Claimants to renew it in the limitation action, if necessary. *See Norfolk Dredging Co. v. Wiley*, 357 F. Supp. 2d 944, 951 (E.D. Va. 2005), *aff'd*, 439 F.3d 205 (4thCir. 2006) (postponing consideration of motion to increase limitation fund after granting motion to dissolve injunction).

## Conclusion

Based upon the foregoing, the Court concludes that the Motion to Dismiss should be denied; the Motion to Lift the Stay should be granted; and the Motion to Increase the Limitation Fund should be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Claimants' Motion to Dismiss Limitation of Liability Complaint and to Dissolve Stay Order, [Doc. No. 12], is denied.

**IT IS FURTHER ORDERED** that Claimants' Motions to Increase Limitation Fund, [Doc. No. 13], is denied without prejudice.

**IT IS FURTHER ORDERED** that Claimants' Motion to Dissolve Injuction and Lift Stay, [Doc. No. 15], is granted..

The injunction and stay entered by the Court on January 8, 2014 is **DISSOLVED**.

**IT IS FURTHERORDERED** that a stay of entry of judgment and consequent enforcement of any recovery achieved in a proceeding pending the outcome of this limitation proceeding is entered.

**IT IS FINALLY ORDERED** that the Clerk of the Court shall administratively close this file, which shall be subject to reopening on motion of either party as warranted.

Dated this 13th day of August, 2014.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE